UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COMMUNICATIONS UNLIMITED CONTRACTING SERVICES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 3:17-cv-01158 ) Judge Aleta A. Trauger |
| COMDATA, INC., | ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

Pending before the court is a Partial Motion to Dismiss (Docket No. 18) filed by the defendant, Comdata, Inc. ("Comdata"), to which the plaintiff, Communications Unlimited Contracting Services, Inc. ("CUCS"), has filed a Response in opposition (Docket No. 23). For the reasons discussed herein, the motion will be granted in part and denied in part.

## BACKGROUND[1]

CUCS, a telecommunications company, employs technicians who perform cable installation services. Comdata is a payment processing company. The parties entered into a contract, pursuant to which Comdata would issue fleet fuel cards with which CUCS could prepay for its technicians' gas expenses incurred traveling to installations. Comdata would then invoice CUCS on a bi-monthly basis for its services and expenses incurred on the fuel cards. The parties agreed that CUCS, using Comdata's web-based platform, would set limits on the amounts that could be spent on each card. (Docket No. 14 ¶ 11-12.) CUCS believed the fuel limits it set were weekly. (*Id.*) Instead, Comdata configured the limits for the cards to be applied daily, allowing

---

[1] The facts are taken in the light most favorable to the plaintiff.

1

up to seven times the intended allotment to be spent on each of the over 700 cards it issued to CUCS. (*Id*. at ¶ 14.) Within a month, CUCS discovered the error and alerted Comdata, who acknowledged the error and changed the configuration to weekly limits. (*Id*. at ¶ 15.) The parties could not reach an agreement on how to rectify the dispute.

CUCS brought suit and now alleges six causes of action: (I) breach of contract; (II) misrepresentation and fraud; (III) promissory fraud; (IV) breach of warranty; (V) conversion; and (VI) unjust enrichment. CUCS alleges that it "has suffered and incurred monetary damages in an approximate amount over $195,000 due to the Defendant's adverse actions and, therefore, seeks damages to recoup said monies and all remedies that justice will allow." (*Id*. at ¶ 22.)

## **LEGAL STANDARD**

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require only that a plaintiff provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on

"legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679; *Twombly*, 550 U.S. at 556. According to the Supreme Court, "plausibility" occupies that wide space between "possibility" and "probability." *Iqbal*, 556 U.S. at 678. If a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied.

## ANALYSIS

Comdata moves to dismiss CUCS' conversion claim on the grounds that CUCS' has not pled conversion with requisite specificity. Because money is intangible, it is generally not subject to a claim for conversion. *See PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.*, 387 S.W.3d 525, 553 (Tenn. Ct. App. 2012). However, an exception exists "where the money is specific and capable of identification or where there is a determinate sum that the defendant was entrusted to apply to a certain purpose." *Id*. Comdata contends that CUCS identifies no specific sum that was potentially converted, evidenced by CUCS' claim for damages "in an approximate amount over $195,000." This, Comdata argues, is insufficiently specific to plead a viable conversion claim.

The relevant inquiry is not whether CUCS has pled a specific amount of damages incurred via conversion, but whether it identifies the specific money that it claims has been converted. "Identifiable funds are deemed a chattel for purposes of conversion, and conversion may be established where a party shows ownership or the right to possess specific, identifiable money." *See id.* (quoting 90 C.J.S. Trover and Conversion § 16 (2012)). CUCS has identified

with sufficient specificity the money it claims Comdata converted—all funds spent by fuel cards issued to CUCS employees beyond what they would have spent had Comdata correctly configured its web-based platform. If not for Comdata's incorrect configuration, CUCS would possess that specific sum. The total calculation of those funds for the purposes of damages need not be made at this stage. However, the court notes that CUCS will not be entitled to double recovery via conversion, should it succeed on other claims such as breach of contract.

Comdata also moves to dismiss CUCS' claim for unjust enrichment. An unjust enrichment claim is an alternative theory of recovery and, therefore, is available only when there is no existing, enforceable contract between the parties covering the same subject matter. *See Smith v. Hi-Speed, Inc.*, No. W2015–01613–COA–R3–CV, 2016 WL 4546057 at * 15-16 (Tenn. Ct. App. Aug. 30, 2016). CUCS provides a copy of the contract governing the parties' fuel card agreement. Comdata does not dispute the validity of the contract. CUCS' unjust enrichment claim will therefore be dismissed.

Finally, Comdata contends that any potential damages are limited by a liability limitation provision in the parties' contract. Comdata requests that the court "dismiss any request by CUCS for any monetary relief that is contrary to the relief potentially recoupable" under the provision. (Docket No. 19 pg. 6.) However, as Comdata acknowledges, Tennessee law renders such provisions unenforceable in cases of fraud. *See Houghland v. Sec. Alarm & Servs., Inc.*, 755 S.W.2d 769, 773 (Tenn. 1988). Comdata has not moved to dismiss CUCS' misrepresentation and fraud claim. Because whether or not Comdata acted fraudulently has not yet been determined, the court will not rule on the enforceability of the liability limitation provision at this time.

## **CONCLUSION**

For the foregoing reasons, Metro's Motion to Dismiss is hereby **GRANTED** in part.

Count VI, the unjust enrichment claim, is hereby **DISMISSED**.

It is so **ORDERED**.

ENTER this 16th day of January 2018.

_____
ALETA A. TRAUGER
United States District Judge