# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| COMMUNICATIONS UNLIMITED CONTRACTING SERVICES, INC., )<br>)<br>Plaintiff/Counter-Defendant, )<br>)<br>v. )<br>)<br>COMDATA, INC., )<br>)<br>Defendant/Counter-Plaintiff. ) | Case No. 3:17-cv-01158<br>Judge Aleta A. Trauger |

## MEMORANDUM AND ORDER

Pending before the court is a Motion to Dismiss Counterclaim (Docket No. 34), filed by the plaintiff/counter-defendant, Communications Unlimited Contracting Services, Inc. ("CUI"), to which the defendant/counter-plaintiff, Comdata, Inc. ("Comdata"), has filed a Response (Docket No. 35). For the reasons discussed herein, the motion will be denied.

## BACKGROUND[1]

CUI, a telecommunications company, employs technicians who perform cable installation services. Comdata is a payment processing company. The parties entered into a contract, pursuant to which Comdata would issue fleet fuel cards with which CUI could prepay for its technicians' gas expenses incurred traveling to installations. Comdata would then invoice CUI on a bi-monthly basis for its services and expenses incurred on the fuel cards. The parties agreed that CUI, using Comdata's web-based platform, would set limits on the amounts that could be spent on each card. (Docket No. 14 ¶ 11–12.) Comdata configured the limits for the cards to be applied daily. (*Id*. at ¶ 14.) Within a month, CUI contacted Comdata to protest the configuration, claiming that the limits were supposed to be applied weekly. (*Id*.) Comdata

---
[1] The facts are viewed in the light most favorable to the counter-plaintiff.

1

changed the configuration to weekly limits, but the parties could not reach an agreement on how to further rectify the dispute. (*Id*. at ¶ 15.) CUI brought a suit in state court alleging several causes of action, including breach of contract. (Docket No. 1.) On August 16, 2017, the case was removed to this court (*id*.) and, on September 12, 2017, CUI filed an Amended Complaint (Docket No. 14). On January 29, 2018, Comdata filed an Answer to Amended Complaint and Counterclaim, seeking declaratory judgment that it did not violate any provisions of the parties' contract. (*Id*.) Comdata claims that, if granted such judgment, it is entitled to costs, fees, and expenses incurred in defending against CUI's causes of action.[2] (*Id*.) Comdata further seeks declaratory judgment that, pursuant to the parties' contract, it is not liable for damages caused by any negligent conduct of CUI's employees.[3]

## LEGAL STANDARD

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require only that a plaintiff provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court must

---

[2] Comdata cites Section 21(n) of the contract, which states: "In the event that the Account is turned over to a collection agency or an attorney for collection of unpaid amounts or otherwise to enforce this Agreement, Customer agrees to pay all costs, fees, and expenses of such agency or attorney, including, without limitation, court costs and out-of-pocket expenses." (Docket No. 1-2 at 4.)

[3] Comdata cites Section 12 of the contract, which states: "Customer agrees to hold Comdata harmless from any liability resulting from the acts of any employees or agents of Customer, which acts shall include but are not limited to negligent acts and willful misconduct of such persons, or from the breach by Customer of its obligations under this Agreement." (Docket No. 1-2 at 3.)

determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679; *Twombly*, 550 U.S. at 556. According to the Supreme Court, "plausibility" occupies that wide space between "possibility" and "probability." *Iqbal*, 556 U.S. at 678. If a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied.

## **ANALYSIS**

CUI argues that Comdata's counterclaim is redundant and should be dismissed because the issues raised in the counterclaim will be resolved via CUI's pending causes of action. The only legal authority CUI cites in support of its proposition that redundant counterclaims cannot be brought is Federal Rule of Civil Procedure 13. Rule 13 provides, *inter alia*, that a party must bring as a compulsory counterclaim any claim that the pleader has against an opposing party when certain conditions are met. Fed. R. Civ. P. 13(a)(1)(A). A counterclaim is compulsory if "the issues of law and fact raised by the claims [and counterclaims] are largely the same" and would involve "substantially the same evidence." *Sanders v. First Nat'l Bank & Trust Co. in*

3

*Great Bend*, 936 F.2d 273, 277 (6th Cir. 1991). "It is well established that an opposing party's failure to plead a compulsory counterclaim forever bars that party from raising the claim in another action." *Id*. Rule 13(a)(2) governs exceptions to the compulsory requirements of Rule 13(a)(1):

> (2) Exceptions. The pleader need not state the claim if:
>
> (A) when the action was commenced, the claim was the subject of another pending action;

Fed. R. Civ. P. 13(a)(2).

CUI argues that Comdata's counterclaim should be dismissed pursuant to Rule 13(a)(2)(A) because Comdata will necessarily be granted the legal relief it seeks, should it prevail on CUI's breach of contract claim. CUI explains:

> Pursuant to Fed. R. Civ. P. Rule 13(a)(2), compulsory counterclaim exceptions state that the pleader [Comdata] of a counterclaim need not state the claim if: (A) when the action was commenced, the claim was the subject of another pending action.

(Docket No. 34 at 2.) CUI misunderstands the permissive nature of Rule 13(a)(2)(A). That exception's function is to categorically exclude certain types of counterclaims from Rule 13(a)(1)'s compulsory requirements. In other words, Rule 13(a)(2) describes what types of counterclaims *may* be brought, as opposed to the claims described in Rule 13(a)(1), which *must* be brought, lest they be lost forever. The Ninth Circuit has elaborated on the purpose of the exception set forth in Rule 13(a)(2)(A):

> The purpose of this exception is seemingly to prevent one party from compelling another to try his cause of action in a court not of the latter's choosing when the same cause of action is already the subject of pending litigation in another forum, one which was probably chosen by the owner of the cause of action concerned. The language of the exception clause in Rule 13(a)—'such a claim need not be so stated (as a counterclaim) if at the time the action was commenced the claim was the subject of another pending

4

> action'—seems clearly permissive. The exception enables a party
> to escape the waiver rule if he has already begun his action in
> another forum of his own choosing. **It does not preclude him
> from electing instead to counterclaim his cause of action in the
> instant case.**

*Union Paving Co. v. Downer Corp.*, 276 F.2d 468, 470 (9th Cir. 1960) (emphasis added).

Comdata contends that its counterclaim is in fact compulsory, but the court need not make that determination. Absent any legal authority endorsing its position, CUI cannot justify dismissal of Comdata's counterclaim.

## **CONCLUSION**

For the foregoing reasons, CUI's Motion to Dismiss Counterclaim is hereby **DENIED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge