UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COMMUNICATIONS UNLIMITED CONTRACTING SERVICES, INC., | ) ) ) |
| Plaintiff/Counter-Defendant, | ) ) |
| v. | ) ) |
| COMDATA, INC., | ) ) ) |
| Defendant/Counter-Plaintiff. | ) |

Case No. 3:17-cv-01158
Judge Aleta A. Trauger

## MEMORANDUM AND ORDER

Pending before the court is a Motion to Modify (Docket No. 37), filed by the defendant/counter-plaintiff, Comdata, Inc. ("Comdata"). Comdata asks the court to modify its Memorandum and Order entered on May 18, 2018 (Docket No. 36). For the reasons discussed herein, the motion will be granted.

## BACKGROUND AND ANALYSIS

On July 3, 2017, Communications Unlimited Contracting Services, Inc. ("CUI") brought a suit in state court against Comdata, alleging several causes of action, including breach of contract. (Docket No. 1-2.) On August 16, 2017, the case was removed to this court, and, on September 12, 2017, CUI filed an Amended Complaint (Docket No. 14). On January 29, 2018, Comdata filed an Answer to Amended Complaint and Counterclaim, seeking declaratory judgment that it did not violate any provisions of the parties' contract. (Docket No. 27.) CUI filed a Motion to Dismiss Counterclaim on February 21, 2018 (Docket No. 34), which the court denied on May 18, 2018. In its Memorandum and Order denying Comdata's counterclaim, the court included the following synopsis of the parties' dispute:

1

> Comdata configured the limits for the cards to be applied daily.
> (*Id*. at ¶ 14.) *Within a month, CUI contacted Comdata to protest the configuration, claiming that the limits were supposed to be applied weekly.* (*Id*.) Comdata changed the configuration to weekly limits, but the parties could not reach an agreement on how to further rectify the dispute. (*Id*. at ¶ 15.)

(Docket No. 36 at 1–2 (emphasis added).) Comdata requests that the court amend the emphasized sentence to read as follows: "In March 2017, CUI contacted Comdata to protest the configuration, claiming that the limits were supposed to be applied weekly." (Docket No. 37 at 3.)

Rule 60(a) of the Federal Rules of Civil Procedure provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60. The parties entered into the contract governing this dispute in February 2016. CUI discovered the purported configuration errors and contacted Comdata about them in March 2017. Within a month of being notified of the purported error, Comdata reconfigured the limits to be applied weekly. The court regrets this inadvertent error.

## CONCLUSION

For the foregoing reasons, Comdata's Motion to Modify is hereby **GRANTED**. Docket No. 36 at p. 1 will be amended to omit the italicized sentence above and replace it with the following: "In March 2017, CUI contacted Comdata to protest the configuration, claiming that the limits were supposed to be applied weekly."

It is so **ORDERED**.

ENTER this 25th day of May 2018.

ALETA A. TRAUGER
United States District Judge